IN THE COUNTY COURT, THIRTEENTH
JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO.: _____

ELIZABET VELEZ

        Plaintiff,

v.

WEBCOLLEX, LLC,
dba CKS FINANCIAL,

        Defendant.
_____/

## COMPLAINT AND JURY DEMAND
(Unlawful Debt Collection Practices)

### I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer against Webcollex, LLC dba CKS Financial ("CKS Financial") for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Section 559.55, et seq., Florida Statutes ("FCCPA"), each of which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

## II.   JURISDICTION AND VENUE

2.   This is an action for damages not exceeding $15,000.00, exclusive of interest, costs, and attorney's fees and is within the jurisdictional limits of this court.

3.   Plaintiff Elizabet Velez ("Velez") is a natural person residing in the City of Temple Terrace, County of Hillsborough, and State of Florida.

4.   Venue of this action is proper in the county named above because the cause of action accrued in Hillsborough County and it is the county where Velez resides.

5.   Upon information and belief, Defendant is CKS Financial, a Virginia debt collection company operating from an address at 505 Independence Parkway, Suite 300, Chesapeake, Virginia 23320 and doing business collecting debts in the State of Florida.

6.   CKS Financial may be served at the address listed on the court summons through its registered agent in the State of Florida.

7.   For the purposes of this Complaint, unless otherwise indicated, "Defendant" or "CKS Financial" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named in this caption.

## III.   FACTUAL ALLEGATIONS

8.   CKS Financial is engaged in the collection of debts from consumers using the mail and telephone. CKS Financial regularly attempts to collect consumer debts alleged to be due to another. CKS Financial is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Section 559.55(7), Florida Statutes.

9. Velez is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Section 559.55(8), Florida Statutes.

10. Upon information and belief, the debt at issue was a Lending Club account with an alleged balance in the amount of $16,958.71 and which Velez used for personal, family, and household services.

11. The purported debt that CKS Financial attempted to collect from Velez was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5) and a "consumer debt" as defined by the FCCPA, Section 559.55(6), Florida Statutes.

12. Upon information and belief, at some time prior to February 5, 2018, the alleged debt was consigned, placed, sold, or otherwise transferred to CKS Financial for collection from Velez.

13. After receiving multiple telephone calls and voice messages, Velez first returned a call to CKS Financial on or about June 8, 2018. In the telephone call, the collection representative presented information about the alleged debt at issue and various settlement options. Velez explained that she was unable to accept either of the settlement options and CKS Financial transferred to call to another representative.

14. Velez explained her financial difficulties due to a significant loss in income after her husband suffered a severe accident; however, upset that Velez was unable to accept the settlement offer, the representative became agitated and much more aggressive in attempting to collect the alleged debt.

15. In an extremely threatening manner, the representative insisted that Velez did not understand who she borrowed the money from, that she would have to pay them back, and that she knew what she was getting herself into when borrowing the money.

16. Due to the tone and aggressiveness of the collection representative, Velez indicated that she would be talking to her attorney and would be represented by counsel on the alleged debt.

17. The representative indicated that CKS would conduct an investigation into her assets and that such investigations would continue until they were paid.

18. Finally, the representative stated that the account would be notated as a "refusal to pay," and finally terminated the telephone call.

19. Four days later, on June 12, 2018, CKS Financial contacted Velez by telephone in an effort to collect on the alleged debt. After the initial information was relayed by the collection representative, Velez stated that she was surprised to receive the call due to the disrespectful nature of the initial call and the refusal to pay notation on the account.

20. Velez informed the collection representative that she had retained an attorney to represent her with regard to the alleged debt; however, the collection representative continued to seek resolution of the alleged debt directly with Velez. Velez provided her attorney's contact information and the telephone call was terminated.

21. Upon information and belief, Defendant continued to attempt to collect on the alleged debt by calling at least two times thereafter.

22. As a result of CKS Financial's actions, Velez suffered actual damages.

Page 4 of 8

*Velez v. Webcollex, LLC dba CKS Financial*

## IV.   FIRST CLAIM FOR RELIEF

## (Violation of the FDCPA)

23.   Velez repeats, realleges, and incorporates by reference each of the averments in paragraphs 2 – 22 above.

24.   CKS Financial violated the FDCPA.  CKS Financial's violations include, but are not limited to, the following:

    (a)   CKS Financial violated 15 U.S.C. § 1692c(a)(2) by continuing to collect on the alleged debt with knowledge that Velez was represented by counsel;

    (b)   CKS Financial violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Velez;

    (c)   CKS Financial violated 15 U.S.C. § 1692d(1) by threatening the use of violence or other criminal means to cause harm to Velez;

    (d)   CKS Financial violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the alleged debt;

    (e)   CKS Financial violated 15 U.S.C. § 1692e(5) by threatening an action that cannot legally be taken; and

    (f)   CKS Financial violated 15 U.S.C. § 1692e(10) by the various misrepresentations set forth above.

*Velez v. Webcollex, LLC dba CKS Financial*
Complaint and Jury Demand

25. As a result of the above averments, CKS Financial is liable to Velez for actual damages and statutory damages, in an amount less than $15,000.00 of which the exact amount will be proven at trial, as well as attorney fees and costs.

## V. SECOND CLAIM FOR RELIEF
## (Violation of the FCCPA)

26. Velez repeats, realleges, and incorporates by reference each of the averments in paragraphs 2 – 22 above.

27. CKS Financial violated the FCCPA. CKS Financial's violations include, but are not limited to, the following:

(a) CKS Financial violated Section 559.72(2), Florida Statutes, by threatening force or violence;

(b) CKS Financial violated Section 559.72(7), Florida Statutes, by willfully communicating with the debtor with such frequency as can reasonably be expected to harass the debtor and willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor;

(c) CKS Financial violated Section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserts the existence of some other legal right when such person knows that the right does not exist; and

(d) CKS Financial violated Section 559.72(18), Florida Statutes, by continuing to collect on the alleged debt with knowledge that Velez was represented by counsel.

28. As a result of the above averments, CKS Financial is liable to Velez for actual damages and statutory damages in an amount less than $15,000.00 of which the exact amount will be proven at trial, as well as attorney fees and costs and declaratory and injunctive relief.

**WHEREFORE**, Velez respectfully requests that judgment be entered against Webcollex, LLC dba CKS Financial for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k and/or Section 559.77(2), Florida Statutes;

    c.    Declaratory and injunctive relief pursuant to Section 559.77(2), Florida Statutes;

    d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and/or Section 559.77(2), Florida Statutes;

    e.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**FLORIN LEGAL, P.A.**

/s/ Scott C. Florin
Scott C. Florin
Florida Bar No. 0088202
6936 W. Linebaugh Ave., Suite 101
Tampa, Florida 33625
Phone: (813) 404-1203
Fax: (813) 354-3619
SFlorin@FlorinLegal.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

/s/ Scott C. Florin
Scott C. Florin
Florida Bar No. 0088202